This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37984**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSHUA CHAVEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his conviction of causing great bodily harm by vehicle while under the influence of intoxicating liquor or drugs. [MIO 1] On appeal, Defendant challenges the sufficiency of both an affidavit supporting the issuance of a search warrant that led to a blood draw and the evidence offered at trial. [MIO 4, 7] This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** With regard to his challenge to the issuance of a warrant in this case, Defendant correctly asserts that NMSA 1978, Section 66-8-111(A) (2005) required the issuing judge to find probable cause that Defendant had "driven a motor vehicle while under the influence of alcohol or a controlled substance, thereby causing the death or great bodily injury of another person." [MIO 5] As our calendar notice pointed out, the affidavit before that judge contained facts from which it could be found that:

> Defendant caused a serious traffic collision resulting in great bodily harm to another person. [The issuing] court could also reasonably infer either from Defendant's odor of alcohol and bloodshot watery eyes or his admission to taking sleeping pills, that the collision resulted from Defendant's inability to drive safely because of the influence of intoxicating liquors or drugs.

[CN 2-3]

**{3}** In his memorandum in opposition to summary disposition, Defendant suggests that sober drivers can run stop signs and be involved in traffic collisions. [MIO 6] We agree. The fact that sober drivers can cause collisions, however, has no bearing upon the question of whether there was a basis to believe, in this case, that Defendant was under the influence of alcohol or drugs when he ran a stop sign, causing a collision that resulted in great bodily injury to another person. With regard to that question, we note that the issuing court had before it facts that, combined with reasonable inferences, provided a substantial basis to answer that question in the affirmative.

**{4}** With regard to the sufficiency of the evidence offered at trial, Defendant's memorandum suggests that the State failed to prove he was under the influence of alcohol at the time of the accident because it was possible for him to have consumed alcohol after the accident but before he was transported to the hospital. [MIO 8] As a general rule, however, when the evidence supports more than one reasonable finding, "one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. Thus, on appeal, "evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder").

**{5}** For the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**